David B. Shemano (State Bar No. 176020)
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Telecopier: (310) 552-3101

Attorneys for Talon International, Inc., and PFRK Acquisition LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No: LA 08-17043-PC |
| Pro-Fit Holdings Limited., | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |
| In re | Case No: LA 08-17049-PC |
| Pro-Fit International Limited., | Chapter 15 |
|     Debtor in a Foreign Proceeding. | |
| In re | Case No: LA 08-17054-PC |
| Genesis Bradford Limited., | Chapter 15 |
|     Debtor in a Foreign Proceeding. | **NOTICE OF MOTION AND MOTION OF TALON INTERNATIONAL, INC. AND PFRK ACQUISITION LLC FOR RECONSIDERATION AND/OR ALTERATION OF ORDER APPROVING SALE PROCEDURES INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS** |

**REQUESTED HEARING DATE AND TIME**:
Date:    October 13, 2010
Time:    10:00 a.m.
Place:    Courtroom 1539
          255 E. Temple Street
          Los Angeles, CA

**TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, THE DEBTORS AND ALL PARTIES IN INTEREST**:

**PLEASE TAKE NOTICE** that Talon International, Inc. *fdba* Tag-It Pacific, Inc. ("Talon") and PFRK Acquisition LLC ("PFRK," and collectively with Talon, "Movants") will, and hereby do, move (the "Motion") the Court to reconsider and/or alter its "Order Approving Sale Procedures Including Break-Up Fee And Expense Reimbursement In Connection With Sale Of Substantially All Assets Free And Clear Of All Liens, Encumbrances And Interests," entered on September 22, 2010.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the records and files in these chapter 15 cases, and such additional evidence and argument as may be presented at or before the hearing on the Motion.  This Motion is based upon and made pursuant to the provisions of Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Civil Procedure 59, and Local Bankruptcy Rules 9013-1, 9021-1 and 9023-1.

**PLEASE TAKE FURTHER NOTICE** that concurrently herewith, Movants have filed an Application for Order Setting Hearing on Shortened Notice requesting that a hearing on the Motion take place on October 13, 2010 at 10:00 a.m.

Dated:  October 1, 2010                     PEITZMAN, WEG & KEMPINSKY LLP


By_____/s/ David B . Shemano
          David B. Shemano
          Attorneys for Talon International, Inc. and PFRK
          Acquisition LLC

2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.**

3

**INTRODUCTION**

4

On September 22, 2010, over the objection of Movants, the Bankruptcy Court entered the

5

"Order Approving Sale Procedures Including Break-Up Fee And Expense Reimbursement In

6

Connection With Sale Of Substantially All Assets Free And Clear Of All Liens, Encumbrances And

7

Interests" (the "Sale Procedures Order").[1]  Pursuant to the Sale Procedures Order, the Bankruptcy

8

Court approved sale procedures that effectively precluded meaningful bidding for the Debtors' assets

9

from any party other than Streatwise, an insider, because the sale procedures include the following

10

provisions:

11

- While Streatwise is only obligated to pay £234,000 for the assets, other bidders must

12

bid at least £605,000;

13

- If by chance a competing bidder did overbid Streatwise, Streatwise is entitled to a

14

break-up fee and reimbursement of expenses in the amount of £345,000 plus 50% of

15

the overbid in excess of £550,000.

16

As the Bankruptcy Court recognized and stated on the record at the hearing,[2] the proposed sale

17

procedures would almost certainly not be acceptable in a chapter 7 or 11 case.   The Court concluded,

18

however, that the traditional case law, principles and standards applicable to section 363 sales in

19

chapter 7 and 11 cases were not applicable to section 363 sales in chapter 15  cases and, therefore, the

20

Court would approve the proposed procedures.

21

PFRK intends to submit a bid for the assets at the October 11 auction that will provide more

22

cash and benefit to the Debtors and their creditors than the bid submitted by the Debtors' insiders.

23

Movants expect, however, that the Foreign Administrators and Streatwise will rely upon the Sale

24

---

25

[1] A copy of the Sale Procedures Order is attached hereto as Exhibit A.  Capitalized terms used herein

26

shall have the meaning ascribed to them in the Sale Procedures Order, unless otherwise defined.  To minimize duplication, Movants request that the Bankruptcy Court take judicial notice of the operative

27

documents referenced in this Motion, each of which is entered on the Bankruptcy Court's docket for these cases.

28

[2] Movants have requested a transcript of the hearing and will lodge the transcript when it is received.

Procedures Order to (1) deny PFRK the ability to bid, and (2) if PFRK is permitted to bid, divert the excess beneficial sale proceeds to the Debtors' insiders as opposed to the Debtors' creditors as approved by the Sale Procedures Order.

For the reasons set forth below, in determining to enter the Sale Procedures Order, the Bankruptcy Court made several manifest errors which warrant reconsideration and/or alteration of the Sale Procedures Order.  Under the circumstances of these cases, the Bankruptcy Court should reconsider the Sale Procedures Order to permit PFRK to bid on a level playing field, which is in the best interests of the Debtors and their creditors.

## II.

## GENERAL BACKGROUND

On May 21, 2008, the Foreign Administrators filed a chapter 15 petition and a Verified Petition for Recognition of Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the Bankruptcy Code and Related Relief for each of the above-captioned foreign Debtors.

On July 11, 2008, the Court ordered the three separate cases by the Debtors administratively consolidated.  On August 28, 2008, the Court entered an order granting the three chapter 15 petitions, recognizing as foreign main proceedings the administration proceedings pending in the High Court of Justice of England and Wales, Leeds District Registry involving Pro-Fit Holdings Limited, Pro-Fit International Limited and Genesis Bradford Limited (the "English Proceedings").

On August 25, 2010, the Foreign Administrators filed a Motion for Order (A) Approving Sale Procedures in Connection with Sale of Substantially All Assets, (B) Scheduling an Auction for the Sale, (C) Authorizing the Sale Free and Clear of Liens, Claims, Encumbrances and Interests, and (D) Granting Related Relief (the "Sales Motion").   As part of the Sale Motion, the Foreign Administrators requested approval of sale procedures for the sale of the Debtors' assets to Streatwise and approval of a break-up fee and reimbursement of expenses (the "Sale Procedures Motion").

Movants filed an objection to the Sales Procedures Motion on September 3, 2010, in which Movants argued that Streatwise is an insider, that discovery was required to investigate the facts and circumstances of the proposed transaction, and the proposed procedures and break-up fee should not

1  be approved consistent with traditional case law, standards and principles governing sale procedures

2  under section 363 of the Bankruptcy Code.

3          On September 14, 2010, in order to determine the relationship between the Foreign

4  Administrators and Streatwise, including whether the sale and sale procedures were negotiated in good

5  faith, Movants requested documents and noticed the depositions of the Foreign Administrators,

6  Streatwise and its insider principals.[3]

7          The hearing on the Sales Procedure Motion took place on September 15, 2010.  At the hearing,

8  Movants requested that the hearing on the Sale Procedures Motion be continued to permit Movants to

9  complete discovery and permit the Court to make a ruling based upon an evidentiary record.   After

10  expressing serious concern about the proposed procedures and indicating the procedures would not be

11  approved if this were a chapter 7 or 11 case instead of a chapter 15 case, the Bankruptcy Court granted

12  the Sale Procedures Motion and entered the Sales Procedure Order on September 22, 2010.

## III.

## THE COURT SHOULD RECONSIDER AND/OR
## AMEND THE SALES PROCEDURE ORDER

17          Pursuant to Rule 9023 of the Bankruptcy Rules, which adopts Rule 59 of the Federal Rules of

18  Civil Procedure, the Bankruptcy Court may reconsider and/or amend the Sale Procedures Order.  *See,*

19  *e.g., In re Texas Rangers Baseball Partners*, 431 B.R. 706 (Bankr. N.D. Tex. 2010).  The grounds for

20  such a motion are "(1) manifest error of fact; (2) manifest error of law; or (3) newly discovered

21  evidence." *See In re Hansen,* 368 B.R. 868, 878 (9th Cir. BAP 2007).  In this case, Movants believe that

22  reconsideration of the Court's decision on the Sales Procedure Motion is warranted based on manifest

23  errors of law.

24          A.    Movants Did Not Have Adequate Opportunity To Object To The Sale Order.

25          Local Bankruptcy Rule 9021-1(b)(3)(A) provides that when an opposition to a motion is filed,

26  the attorney or party preparing the proposed order must serve a copy of the proposed order on counsel

27

28  [3] Copies of the document requests are attached as exhibits to the Response filed by Movants on
September 29, 2010, to the Sale Motion.

who filed an opposition or objection to the relief requested in the motion "either before or on the same day that the order is lodged with the court and must file a proof of service with the order." Alternatively, the attorney preparing the order may present it to opposing counsel for approval as to form before the order is lodged. *Id.*

In violation of the Local Rule, the Foreign Administrators did not serve a copy of the lodged order on Movants, thereby denying Movants an opportunity to either comment on or object to the Sale Procedures Order before it was entered by the Court on September 22, 2010.[4]  The Sale Procedures Order is filled with alleged findings of fact that the Court either did not make or actually refused to make.  For example, the Sale Procedures Order includes the following provisions:

> E.    The proposed Sale Procedures carefully balance the Administrators' interests in (i) inducing a buyer to commit to purchase the Assets, (ii) preserving the opportunity to attract higher and better offers, and (iii) expediting the sale process.

To the contrary, the Court never found or concluded that the Administrators' "carefully balanced" any interests.  Instead, after stating that the Court almost certainly would not have approved the procedures in a chapter 7 or 11 case, the Court concluded that under chapter 15, the Court had a limited role and the Foreign Administrators had essentially unlimited discretion to proceed as they chose.

> F.    Based on the record and arguments presented to the Court at the hearing, the Sale Procedures (including the Break-Up Fee and the Expense Reimbursement provisions) are fair and reasonable, reflect the Administrators' exercise of prudent business judgment consistent with their fiduciary duties, and represent the best method for maximizing the value to the Foreign Debtors' Assets.

Again, the Court never found or concluded that the sale procedures were "fair and reasonable," or the Foreign Administrators exercised "prudent business judgment consistent with their fiduciary duties," or that the procedures "represent the best method for maximizing the value" of the assets.  Instead, after stating that the Court almost certainly would not have approved the procedures in a chapter 7 or

---

[4] The Foreign Administrators did attach a proposed form or order as an exhibit to the Sale Motion, but the attachment of that order to the Sale Motion in no way excused the Foreign Administrators from complying with the Local Rule.  The Responding Parties were entitled under the Local Rules to the opportunity to review the order that the Foreign Administrators intended to lodge after the hearing on September 15 to ensure that the lodged order was consistent with the Court's actual ruling.

11 case, the Court concluded that under chapter 15, the Court had a limited role and the Foreign

Administrators had essentially unlimited discretion to proceed as they chose.

> G.    Approval of the Break-Up Fee and the Expense Reimbursement, as well as the
> other provisions of the Sale Procedures, will not chill bidding for the Assets.  Assurance
> of payment of the Break-Up Fee and the Expense Reimbursement will in fact promote
> more competitive bidding by inducing the Buyer to make the firm offer reflected in the
> ASA, which otherwise may not have been made.  Conversely, absent authorization of the
> Break-Up Fee and the Expense Reimbursement, the Administrators may lose the
> opportunity to obtain the highest and best available offer for the Assets, to the detriment
> of creditors here and abroad.

> H.    This Court concludes that entry of this Order is in the best interests of the
> Debtor's estate and its creditors as it will, among other things, retain for the benefit of its
> estate the prospect of a successful sale while enabling the Debtor to solicit alternate offers
> in accordance herewith.

Again, the Court never found or concluded that the sale procedures "will not chill bidding," or "will

promote more competitive bidding by inducing [Streatwise]" to bid, or are "in the best interests of the

Debtor's estate and its creditors."  Instead, after stating that the Court almost certainly would not have

approved the procedures in a chapter 7 or 11 case, the Court concluded that under chapter 15, the

Court had a limited role and the Foreign Administrators had essentially unlimited discretion to

proceed as they chose.

Consequently, the Sale Procedures Order should be modified to accurately reflect to the

Court's rulings at the September 15 hearing.

> **B.**    The Bankruptcy Court Erred In Making Factual Determinations Before Movants Were
> Permitted To Conduct Discovery.

As more fully described in their Response to the Sale Motion, Movants served discovery

requests on September 14 and requested that the Court delay any ruling on the contested sale

procedures and break-up fee until discovery was completed and the Court could rule on an adequate

evidentiary record.  By refusing to delay the ruling to permit Movants to take discovery, the

Bankruptcy Court violated due process and committed manifest error.  *See, e.g., In re Mulvania*, 214

B.R. 1, 7 (9th Cir. BAP 1997) (error for bankruptcy court to make determination that notice was sent

after party disputed notice was sent and requested continuance to take discovery); *In re Big Rivers

Elec. Corp.*, 252 B.R. 676, 688 (W.D. Ky. 2000) ("[W]hen parties in interest raise an issue, the

resolution of which depends on the outcome of disputed facts, a court must conduct some proceeding which allows it to garner the facts and base its decision on the record.").

**C.**    The Bankruptcy Court Erred In Determining Section 363 Sale That Would Not Be Permitted In A Chapter 7 Or Chapter 11 Case Can Be Permitted In A Chapter 15 Case.

In the Sale Motion, the Foreign Administrators requested approval of sale procedures and a break-up fee pursuant to section 363 of the Bankruptcy Code.  In the Sale Motion, the Foreign Administrators never made the argument that the case law, standards and principles governing such a request was different in chapter 15 as opposed to chapter 7 or 11.  To the contrary, the Foreign Administrators cited a litany of chapter 11 cases routinely cited in chapter 11 cases for approval of sale procedures.  Sale Motion, pp. 18-20.

In response to the Sale Motion, Movants argued that, under the well-established case law, standards and principles governing requests for sale procedures under section 363 of the Bankruptcy Code, the proposed sale procedures and break-up fee could not be approved.

In reply to Movants' objection, the Foreign Administrators filed a reply where, for the very first time, the Foreign Administrators argued that the well-established case law, standards and principles governing requests for sale procedures were not applicable in chapter 15 cases.  In making the argument, Movants cited no case law, no applicable statute, and offered no standard or guideline to guide the Court in ruling on the request.  Because the new argument was filed in a reply, Movants had no meaningful opportunity to analyze the issue and then brief the issue for the Court.[5]

Chapter 15 was enacted in 2005 and there is very limited case law concerning the application of section 363 in chapter 15 cases.  However, there is absolutely no case law that supports any argument that section 363 is to be interpreted differently in chapter 15 as opposed to chapter 7 or 11, or that foreign representatives have leeway in chapter 15 section 363 sales that debtors and trustees do not have in chapter 7 or 11 sales.

The language of the applicable statute certainly does not support any argument that section 363

---

[5] The decision of the Foreign Administrators to file a motion reliant upon chapter 11 case law, and then file a reply arguing that the case law is not applicable, is classic sandbagging prohibited by Local Bankruptcy Rule 9013-1(c)(3)(B).

is to be interpreted differently in chapter 15 cases.  Pursuant to section 1520(a)(2) of the Bankruptcy Code, section 363 applies to any "transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States ***to the same extent that the section would apply to property of the estate***."  (Emphasis added).

The few cases that have referenced section 1520(a)(2) and the application of section 363 sales in chapter 15 give no hint that section 363 is to be interpreted differently in chapter 15 cases.  *See, e.g., In re Tri-Continental Exchange Ltd.*, 349 B.R. 627, 639 (Bankr. E.D. Cal. 2006) ("An automatic consequence of recognition of a foreign main proceeding is that § 363 applies. 11 U.S.C. § 1520(a)(2). As a consequence, cash collateral cannot be used without permission. 11 U.S.C. § 363(c)(2)."); *In re GrandPrix Assocs. Inc., et al.*, 2009 WL 1850966 (Bankr. D. N.J. 2009) (authorizing a section 363 sale in a chapter 15 case).  In *Grand Prix*, the foreign representative filed a motion seeking approval of a settlement agreement and transaction agreement providing for the sale of certain of the foreign debtor's assets pursuant to FRBP 9019 and sections 363, 1520, 1521, 1525, and 1527 of the Bankruptcy Code.  The court analyzed the proposed sale using the exact same factors that it would have used in a chapter 7 or chapter 11 case.  2009 WL 1850966, *4-5 (relying on cases analyzing sales in chapter 11 proceedings and noting that in order to authorize the sale of the debtor's assets, the court must make a finding of good faith and find that there is sound business justification for the transaction, among other factors).

Perhaps most pertinently and significantly, Judge Bufford, who is a leading expert on chapter 15, issued an opinion in this very case that discussed the application of section 363 to any sale of assets by the Foreign Administrators.  The context of the opinion was that after the filing of the cases but before the recognition of the foreign proceedings, the Foreign Administrators requested preliminary injunctive relief applying the automatic stay to outstanding litigation.  Talon did not oppose the requested relief, provided that section 363 also applied to any transfer of assets by the Foreign Administrators to preclude any attempt by the Foreign Administrators to transfer the assets to the Morris brothers without notice and a hearing.

In granting the preliminary injunction, Judge Bufford acknowledged Talon's concerns and not only ruled that section 363 would apply prior to the recognition of the foreign proceedings**, *but all***

*case law under section 363 would also apply*:

> It is Talon's fear that the administration proceeding in the United
> Kingdom would lack the supervision of a sale process like that in a U.S.
> bankruptcy case.  For this reason, Talon and its related entities have
> welcomed this chapter 15 case, because pursuant to § 1520, once a foreign
> proceeding is recognized as a foreign main proceeding, § 363 applies "to
> any transfer of an interest of the debtor in property that is within the
> territorial jurisdiction of the United States.
>
> ***
>
> [T]he provisions of § 363, by consent of the petitioners, . . . apply
> provisionally with respect to United States assets.  ***In addition to these
> statutory provisions, each of which applies in its entirety, all of the case
> law thereunder is hereby made applicable to these cases***."

*In re Pro-Fit International Ltd.*, 391 B.R. 850, 866-67 (Bankr. C.D. Cal. 2008) (emphasis added).

Furthermore the statutory framework makes very clear that in providing assistance to a foreign representative, the United States Bankruptcy Court is not simply a potted plant, but must ensure that the public policy interests of the United States and the interests of the United States creditors are protected.  As examples, section 1506 provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States."  Similarly, section 1521(b) provides that the court may entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative or another person, "provided that the court is satisfied that the interests of the creditors in the United States are sufficiently protected."  Similarly, section 1522 provides that the court may grant relief under sections 1519 and 1521 "only if the interests of the creditors and other interested entities, including the debtor, are protected."  These statutes support the application of traditional United States case law, standards and principles under section 363 to chapter 15 section 363 sales.

For example, in *In re Qimonda AG Bankruptcy Litigation*, 433 B.R. 547 (E.D. Va. 2010), the Bankruptcy Court originally ruled that section 365 would apply in the chapter 15 case.  Subsequently, the foreign representative requested a modification of the order to provide that, in deference to German insolvency law, section 365(n) would not be applicable, thereby permitting the foreign representative to relicense various licenses and cutting of the rights of the existing licensees.  In

granting the request and determining that section 365(n) must give way to German insolvency law, the

Bankruptcy Court relied on its understanding of the purposes of chapter 15, including that the chapter

15 case is to "supplement, but not supplant" the foreign case. *Id.* at 554.  On appeal by a licensee, the

District Court remanded and ordered the Bankruptcy Court to (1) articulate its reasons why its ruling

was consistent with the requirement in section 1522 that the interests of creditors be protected, and (2)

determine whether permitting the foreign representative to terminate the license rights, contrary to

section 365(n), violates fundamental Unites States policies.

     In summary, in concluding that traditional United States case law, standards and principles

under section 363 do not apply to section 363 sales in chapter 15, the Bankruptcy Court clearly erred.

There is simply no authority for the proposition that a bankruptcy statute that applies in chapter 15 is

to be interpreted differently in chapter 15 as opposed to chapter 7 or 11, or that the United States

Bankruptcy Court is required to bless proposed actions that are contrary to fundamental principles of

creditor protection under the Bankruptcy Code.  The Bankruptcy Court should reconsider the Sale

Procedures Order to permit competitive bidding that will benefit the Debtors and their creditors.

     **D.**    <u>The Bankruptcy Court Erred By Failing To Specify The Standard Is Applied In</u>
<u>Approving The Sale Procedures.</u>

     While the Bankruptcy Court concluded that traditional case law, standards and principles under

section 363 do not apply to chapter 15 section 363 sales, the Bankruptcy Court failed to specify what

standards and principles do apply, how the Foreign Administrators satisfied those standards and

principles, and how those standard and principles protect the interests of United States creditors.  The

failure to specify the standards and principles that it did apply is clear error.  *See, e.g., In re Qimonda AG*

*Bankruptcy Litigation*, 433 B.R. 547, 558 (E.D. Va. 2010) (where bankruptcy court ruled that section

365(n) would not be applied in a chapter 15 case, district court remanded where bankruptcy court failed

to adequately articulate its reasoning and how it balanced the interests of United States creditors).

**IV.**

**CONCLUSION**

For these reasons, Movants respectfully requests that the Court reconsider and/or alter the Sales Procedure Order as set forth herein.


Dated:  October 1, 2010                              PEITZMAN, WEG & KEMPINSKY LLP


                                                     By____/s/ David B . Shemano
                                                            David B. Shemano
                                                     Attorneys for Talon International, Inc. and PFRK
                                                     Acquisition LLC

# EXHIBIT A

FILED & ENTERED

SEP 22 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia    DEPUTY CLERK

1  Joel K Belway (CA Bar No.  60556)
   The Law Office Of Joel K. Belway
2  235 Montgomery St Ste 668
   San Francisco, CA 94104
3  Tel:  415-788-1702
   Fax :  415-788-1517
4  Email:  belwaypc@pacbell.net

5  Arthur W. Carlson (CA Bar No.  50240)
   A Professional Law Corporation
6  831 State Street, Suite 245
   Santa Barbara, CA 93101
7  Tel:  805-965-5558
   Fax:  805-965-5508
8  Email:  awc.aplc@gmail.com

9  Attorneys for Joint Administrators

10

11                    UNITED STATES BANKRUPTCY COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13                          LOS ANGELES DIVISION

14  In re                              Case No. 2:08-bk-17043-PC

15  Pro-Fit Holdings Limited, *et al.*   Chapter 15

16          Debtor.                     **ORDER APPROVING SALE
                                        PROCEDURES INCLUDING BREAK-UP
17                                      FEE AND EXPENSE REIMBURSEMENT
                                        IN CONNECTION WITH SALE OF
18                                      SUBSTANTIALLY ALL ASSETS FREE
                                        AND CLEAR OF ALL LIENS,
19                                      ENCUMBRANCES AND INTERESTS**

20                                      Hearing Dated:
                                        Date:   September 15, 2010
21                                      Time:  9:30 a.m.
                                        Place:  Courtroom 1539
22                                                Edward R. Roybal Federal Bldg
                                                255 East Temple Street
23                                                Los Angeles, CA 90012

24                                      Judge:      Honorable Peter H. Carroll

25

26

27

28

BN 4895540v2

                    **ORDER APPROVING SALE PROCEDURES**

1.      This matter came before the Court at the above-captioned date and time before the Honorable Peter H. Carroll, United States Bankruptcy Judge, to consider the approval of the Sale Procedures as defined and described in the Administrators' Motion for Order (A) Approving Sale Procedures In Connection With Sale Of Substantially All Assets; (B) Scheduling An Auction For The Sale And A Hearing To Approve The Sale; (C) Authorizing The Sale Free And Clear Of Liens, Claims, Encumbrances And Interests; And (D) Granting Related Relief (the "Motion", terms used but not defined herein having the meanings ascribed to them in the Motion). Appearances were as noted in the record.  The Court has considered the Motion, all declarations in support of the Motion, any opposition to the Motion and arguments of counsel at the above-captioned hearing.

2.      The Court finds that notice of the hearing on the Sale Procedures was appropriate and sufficient and that no other notice need be given, and after due deliberation and sufficient cause appearing therefore:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.      This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.      Proper, timely, adequate and sufficient notice of the Motion, the Auction and the Sale Hearing has been provided to all parties entitled thereto in accordance with section 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, and 9014, the local rules of this Court, and the procedural due process requirements of the United States Constitution.  No other or further notice of the Motion, the Auction or the Sale Hearing is or was necessary.

C.      The Notice of Auction of Substantially All Assets and Sale Procedures Relating Thereto (the "Notice"), to be served by the Administrators on or before September 17, 2010, provides due, adequate and timely notice of the sale of the Assets in accordance with Bankruptcy Rule 2002 and the applicable provisions of the Bankruptcy Code.

D.      A reasonable opportunity to object or to be heard regarding the relief requested in the Motion and with respect to Sale Procedures has been afforded to all interested persons and entities.

E.      The proposed Sale Procedures carefully balance the Administrators' interests in (i) inducing a buyer to commit to purchase the Assets, (ii) preserving the opportunity to attract higher and better offers, and (iii) expediting the sale process.

F.      Based on the record and arguments presented to the Court at the hearing, the Sale Procedures (including the Break-Up Fee and the Expense Reimbursement provisions) are fair and reasonable, reflect the Administrators' exercise of prudent business judgment consistent with their fiduciary duties, and represent the best method for maximizing the value to the Foreign Debtors' Assets.

G.      Approval of the Break-Up Fee and the Expense Reimbursement, as well as the other provisions of the Sale Procedures, will not chill bidding for the Assets.  Assurance of payment of the Break-Up Fee and the Expense Reimbursement will in fact promote more competitive bidding by inducing the Buyer to make the firm offer reflected in the ASA, which otherwise may not have been made.  Conversely, absent authorization of the Break-Up Fee and the Expense Reimbursement, the Administrators may lose the opportunity to obtain the highest and best available offer for the Assets, to the detriment of creditors here and abroad.

H.      This Court concludes that entry of this Order is in the best interests of the Debtor's estate and its creditors as it will, among other things, retain for the benefit of its estate the prospect of a successful sale while enabling the Debtor to solicit alternate offers in accordance herewith.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1.      The Sale Procedures, including the Break-Up Fee and the Expense Reimbursement, and the Notice are approved and the Administrators may proceed by conducting the Auction in accordance with the Sale Procedures as set forth in the Motion and the Notice.

2.      This Sale Procedures Order shall become effective immediately upon its entry.

3.      A hearing (the "Sale Hearing") to approve the sale of the Assets to the Buyer or to any other successful bidder as determined by the Administrators at the Auction, shall be held on October 13, 2010 at 9:30 a.m., (the "Sale Hearing Date"), or as soon thereafter as counsel may be

1    heard, in the United States Bankruptcy Court, Central District of California, 255 E. Temple

2    Street, Courtroom 1539, Los Angeles, California  90012.

3        4.    Objections, if any, to the Motion, the relief requested therein (other than the relief

4    granted pursuant to this Procedures Order), shall (a) be in writing, (b) comply with the Federal

5    Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and (c) shall be filed with the

6    Court and served no later than September 29, 2010 upon the following parties:  (i) counsel for the

7    Administrators, The Law Office Of Joel K. Belway, 235 Montgomery St Ste 668, San Francisco,

8    CA 94104 and Arthur W. Carlson, A Professional Law Corporation 831 State Street, Suite 245

9    Santa Barbara, CA 93101; and (ii) counsel for the Buyer, Buchalter Nemer, A Professional

10   Corporation, 1000 Wilshire Boulevard, Los Angeles, CA 90017, Attn: William Brody and Austin

11   Barron.  Objections pertaining to the identity of the Successful Bidder, should Buyer not be the

12   Successful Bidder, may be presented at the Approval Hearing.  The sale of the Assets shall be

13   subject to the entry of the Sale Order by the Bankruptcy Court approving the transaction.

14       5.    All objections to the Motion or to the relief requested therein, to the extent they

15   pertain to the entry of this Order, that have not been withdrawn, waived or settled, and all

16   reservations of rights included therein, are overruled.

17       6.    The Debtor is authorized to conduct the Auction pursuant to the terms set forth in

18   this Procedures Order.  The Auction shall be conducted by counsel to the Administrators at the

19   offices of counsel to the Buyer, Buchalter Nemer, A Professional Corporation, 1000 Wilshire

20   Boulevard, Suite 1500, Los Angeles, California 90017, or at another location as may be timely

21   ordered by this Court or disclosed by the Debtor to Qualified Bidders, on October 11, 2010,

22   commencing at 10:00 a.m. local time.

23       7.    In the event that the Buyer is not the successful bidder at the Sale Hearing, and

24   conditional upon Seller's consummating the transaction to the successful overbidder, upon the

25   close of such sale, the Seller shall immediately deliver to the Buyer from the deposit and proceeds

26   received from the winning bidder, ALL of the following sums:  (a) The Expense Reimbursement

27   in the amount of Seventy Five Thousand Pounds (£75,000) and the Break Up Fee in the amount

28

1  of Twenty Five Thousand Pounds (£25,000), plus (b) the Gross Buyer Deposit and the Prior

2  Funding Consideration (each as defined in and calculated under the ASA).

3       8.    This Court retains jurisdiction with respect to all matters arising from or related to

4  the implementation of this Sale Procedures Order.

5                                        # # #

DATED: September 22, 2010

_____
United States Bankruptcy Judge

**ORDER APPROVING SALE PROCEDURES**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____         _____
_Date_                    _Type Name_                          _Signature_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT A
Page 18

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)**  **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)**  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____ was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☐  Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **9021-1.1.NOTICE.ENTERED.ORDER**

| In re: | CHAPTER 15 |
| Pro-Fit Holdings, Limited | |
| Debtor in a Foreign Proceeding. | CASE NUMBER 2:08-bk-17043-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, Suite 1450, Los Angeles, CA  90067.**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION OF TALON INTERNATIONAL, INC. AND PFRK ACQUISITION LLC FOR RECONSIDERATION AND/OR ALTERATION OF ORDER APPROVING SALE PROCEDURES INCLUDING BREAK-UP FEE AND EXPENSE REIMBURSEMENT IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS**, will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 1, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Joel K Belway      belwaypc@pacbell.net
- William S Brody      tpearsall@buchalter.com
- Rochelle A Herzog      rherzog@gershlegal.com, srobertson@gershlegal.com;hnapier@gershlegal.com
- David B Shemano      dshemano@pwkllp.com
- Jill Sturtevant      jill.sturtevant@usdoj.gov
- Derrick Talerico      dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **October 1, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Served by U.S. Mail**
Hon. Peter H. Carroll
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

**Served by U.S. Mail**
Arthur W. Carlson, A Professional Law Corporation
831 State Street, Suite 245
Santa Barbara, CA 93101

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: | | CHAPTER 15 |
| Pro-Fit Holdings, Limited | | |
| | Debtor in a Foreign Proceeding. | CASE NUMBER 2:08-bk-17043-PC |

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 1, 2010 | Daniel Marcus | /s/ Daniel Marcus |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                 **F 9013-3.1**